# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>              Plaintiff,<br><br>       v.<br><br>DALE DROZD, et al.,<br><br>              Defendants. | Case No. 1:20-cv-01662-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PAY THE FILING FEE<br><br> (ECF Nos. 3, 5)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

James Luedtke ("Plaintiff"), a federal prisoner, is appearing *pro se* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.[1]  Plaintiff filed a complaint and a motion to appoint counsel on November 24, 2020. Plaintiff did not pay the filing fee or submit an application to proceed in this action *in forma pauperis*.  On November 25, 2020, an order issued requiring that Plaintiff show cause why this action should not be dismissed for failure to pay the filing fee after finding that Plaintiff was subject to the three strikes provision of 28 U.S.C. § 1915(g).  (ECF No. 3.)  On December 14, 2020, Plaintiff filed a response to the order to show cause.  (ECF No. 5.)  For the reasons discussed herein, the Court recommends that this action be dismissed for Plaintiff's failure to pay the filing fee.

///

---

[1] In response to the order to show cause, Plaintiff correctly asserts that the order to show cause erroneously identified him as a state prisoner and that the action was filed under 42 U.S.C. § 1983.

1

# I.

# LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the *in forma pauperis* statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

# II.

# DISCUSSION

Here, the Court finds that Plaintiff has previously filed at least three actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The Court takes judicial notice[2] of the following cases: (1) Luedtke v. United States of America, 1:99-cv-00503-UNA (D.D.C.) (dismissed 2/26/99 for failure to state a claim); 2) Luedtke v. United States of America, 1:99-cv-00513-UNA (D.D.C.) (dismissed 2/26/99 for failure to state a claim); 3) Luedtke v. Posner, 1:99-cv-01695 (S.D. Ill.) (dismissed 3/22/99 for failure to state a claim);[3] 4) Luedtke v. Obama, 1:14-cv-00389-UNA (D.D.C.)

---

[2] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[3] The Court also notes these cases which reflect a different prisoner number but review of the complaints demonstrate that the writing is identical to Plaintiff's. The court also takes judicial notice that Plaintiff has been found to be have three strikes by the following cases: 1) Luedtke v. Posner, 1:01-cv-00172 (S.D. Ill.) (dismissed 1/16/01 for failure to advised the court that he had "struck out"); 2) Luedtke v. O'Brien, 7:06cv00714 (W.D. Va.) (dismissed 1/5/07 pursuant to 28 U.S.C. § 1915(g); 3) Luedtke v. Bertrand, 2:98-cv-00284-LA (E.D. Wis.) (dismissing case 2/1/99 pursuant to 28 U.S.C. § 1915(g); 4) Luedkte v. Bertrand, 2:98-cv-01133-RTR (E.D. Wis.) (dismissing case 1/31/99 pursuant to 28 U.S.C. § 1915(g).

(dismissed 3/12/14 for failure to state a claim); 5) Luedtke v. Obama, 14-5084 (6th Cir.) (dismissing on Court's own motion on 1/14/15 under 28 U.S.C. § 1915(g) (frivolous, malicious, or failure to state a claim)).

Further, in Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1076 (E.D. Wis. 1999), the court found the following cases to have been dismissed which it counted as strikes.

> Luedtke's first strike came in Luedtke v. Endicott, Case No. 95–C–358, where on June 5, 1995 Judge Crabb of the Western District of Wisconsin dismissed Luedtke's 8th Amendment claim with prejudice due to a lack of standing, i.e., failure to state a claim upon which relief can be granted. The second came in Luedtke v. Wegener, Case No. 96–C–396, where on April 11, 1996 Judge Curran of the Eastern District of Wisconsin dismissed Luedtke's § 1983 claim as frivolous under the ruling of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The third came in Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D. Wis. 1997), where on July 22, 1997 Judge Reynolds of the Eastern District of Wisconsin dismissed Luedtke's several claims as lacking any arguable merit and specifically directed the Clerk's office to document the fact that Luedtke brought an action that was dismissed as frivolous. Therefore, Luedtke has three strikes pending against him and is restricted by the terms of § 1915(g).

Luedtke v. Bertrand, 32 F.Supp.2d at 1076-77. The court found that Luedtke v. Endicott, Case No. 95–C–358, also dismissed pendant state law claims and therefore it is not clear whether this would count as a strike in this Circuit because it is not apparent that the claims were addressed on the merits. See Harris v. Harris, 935 F.3d 670, 674 (9th Cir. 2019) (Dismissal because district court decided not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g) and would not count as a strike). Further, a dismissal under Heck does not necessarily count as a strike in this circuit. Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016). Because it is unclear that Luedtke v. Wegener, No. 96-c-396 that Heck's bar to relief was obvious from the face of the complaint, and the entirety of the complaint was dismissed for a qualifying reason under the PLRA, Washington, 833 F.3d at 1055, the Court does not count this case as a strike. However, the dismissal of Luedtke v. Gudmanson, 971 F.Supp. 1263, as frivolous for lacking any merit and being legally frivolous would constitute a strike.

Therefore, Plaintiff is not entitled to proceed in this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff does not dispute

that he has previously had at least three cases that were dismissed for failure to state a claim, but alleges that the PLRA is unconstitutional.

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the current complaint, Plaintiff generally alleges that District Judge Drozd, and Magistrate Judges Oberto, McAuliffe, and Grosjean are denying that he has any constitutional rights, dismissing his cases by rubber stamp, and reducing them to a single piece of paper.

The allegations in the complaint are not sufficient to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff's complaint contains no allegations demonstrating that he is at imminent danger of serious physical injury. Plaintiff is basically alleging that he is unhappy with the manner in which his cases have been handled by various judges and does not demonstrate that he is under imminent danger.

Plaintiff requests the Court to consider his "lengthy motion detailing all the illegalities of the PLRA" which Defendant Drozd has ignored in Luedke v. Ciolli, No. 1:20-cv-00406-NONE-BAM (E.D. Cal.). (Memorandum, 1, ECF No. 5.) Plaintiff has not filed any motion in this action and the Court declines to address his motion filed in a separate case. Further, federal courts have consistently rejected claims that the PLRA violates the Constitution. See Gilmore v. People of the State of California, 220 F.3d 987, 1008 (9th Cir. 2000) ("No circuit court has found the PLRA to violate due process or the Equal Protection Clause. We decline to stray from these precedents.); Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (joining the other circuits that have upheld the constitutionality of this statute.); White v. State of Colo., 157 F.3d 1226, 1235 (10th Cir. 1998) ("we now join the Eleventh, Sixth, and Fifth Circuits in concluding that § 1915(g) does not violate the guarantees of equal protection and due process); Gavin v. Branstad, 122 F.3d 1081, 1092 (8th Cir. 1997) (reversing district court decision that immediate termination decision of PLRA was unconstitutional); Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999) ("the government's interest was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits" and survive the minimal

standard for rational basis review.); see also Morrison v. Davis, 88 F.Supp.2d 799, 808 (S.D. Ohio 2000), amended in part, 195 F.Supp.2d 1019 (S.D. Ohio 2001) ("This Court finds that although the PLRA does single out prisoners for a particular burden in § 1983 actions, Congress's goal in placing that burden on prisoners was to bring prisoners' litigation incentives on par with, not below, non-incarcerated litigants. The principles of equal protection do not prevent Congress from burdening prisoners in this way. Thus, Plaintiff's arguments fit better in the legislative rather than the judicial forum.").

In the November 25, 2020 order to show cause, Plaintiff was ordered to either pay the filing fee or show cause why this action should not be dismissed for the failure to do so. Plaintiff has not paid the filing fee nor has he demonstrated good cause for the failure to do so.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for Plaintiff's failure to pay the filing fee.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 21, 2020**

UNITED STATES MAGISTRATE JUDGE